UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CECLIA STEPP | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-01298 |
| | ) |
| v. | ) |
| | ) |
| APOSTOLIC CHRISTIAN RESTMOR, INC., | ) |
| | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Cecilia Stepp ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Apostolic Christian Restmor, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to national origin-based harassment, Defendant's discrimination on the basis of Plaintiff's national origin, Defendant's discrimination on the basis of Plaintiff's race, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

2. This lawsuit also arises under Illinois Common Law retaliatory discharge for Plaintiff engaging in protected activity and being terminated in retaliation.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action

is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

4. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Count VII through 28 U.S.C. §1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

7. A charge of employment discrimination on basis of race, national origin-based harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Cecilia Stepp resided in Tazewell County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Apostolic Christian Restmor, Inc. was a corporation doing business in and for Tazewell County whose

address is 1500 Parkside Avenue, Morton, IL 61550.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

13. Plaintiff worked for Defendant as a registered nurse from October 2018 until her unlawful termination on or around October 31, 2022.

14. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

15. Plaintiff is Filipina and is a member of a protected class because of her national origin.

16. Plaintiff is Pacific Islander and is a member of a protected class because of her race.

17. Since at least 2019 through October 31, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class(es) and has been subjected to a hostile work environment on the basis of national origin in violation of Title VII.

18. Plaintiff was the only Filipina and/or Pacific Islander in her department until 2020 when another nurse within those protected classes joined her department, only to be subjected to disparate treatment herself.

19. In or around 2019, Plaintiff began to be subjected to discrimination and harassment by her coworker, Marsha Gibson (Caucasian).

20. Ms. Gibson would constantly make race and/or national origin-related remarks toward Plaintiff, such as, "You Asians don't belong here. None of you speak English."

21. Plaintiff found these remarks to be hurtful and made her uncomfortable, as she was being targeted on the basis of her national origin and/or race.

22. As such, Plaintiff engaged in protected activity and reported Ms. Gibson's conduct to Defendant's Director of Nursing, Nicole Copenhagen (Caucasian) and Supervisor, Annette Drake (Caucasian).

23. Unfortunately, following Plaintiff's complaint, Defendant took no action to investigate or put in place remedial measures to prevent Plaintiff from experiencing harassment in the future.

24. As a result of Defendant's inaction, the national origin and race-based treatment against Plaintiff persisted.

25. Other similarly situated individuals outside of Plaintiff's protected class(es) (Filipina, Pacific Islander) were not subject to the same disparate treatment as Plaintiff.

26. Following her complaint, in or around 2022, Ms. Gibson's treatment of Plaintiff worsened, and she would make comments such as, "I don't know why you people are here. You're from a third world country."

27. In or around 2022, Ms. Drake joined in on the harassment of Plaintiff, using intimidation tactics to make Plaintiff scared and deter her from reporting further national origin and race-based conduct.

28. Ms. Drake followed Plaintiff into the restroom and repeatedly banged on the bathroom door of the stall Plaintiff was using.

4

29. Ms. Drake then forced Plaintiff to exit the restroom so that she could take Plaintiff's linens cart.

30. Plaintiff felt scared and defeated as a result of the conduct perpetrated by several of Defendant's employees.

31. In or around April 2022, Ms. Gibson placed a used syringe which had been inserted into a patient's genital area and placed it on my computer, stating, "You deserve this."

32. Plaintiff, disgusted, again pleaded with Ms. Copenhagen to take action, but it fell on deaf ears.

33. In or around that same month, April 2022, Plaintiff filed her complaints directly with Defendant's HR department representative, Gina Johnson.

34. Ms. Johnson informed Plaintiff that she was not aware of any of the prior complaints Plaintiff had made, confirming the inaction of Ms. Copenhagen.

35. In or around the time immediately before Plaintiff's termination, Plaintiff became aware that certified nursing assistants (CNAs) were administering injections and medications to residents.

36. The CNAs are not authorized to administer medications, and as a result, some patients received the wrong medication and passed away.

37. Plaintiff also learned that several of Defendant's nurses were not feeding their residents, contributing to the serious ethical and health violations perpetrated by Defendant's facility.

38. As soon as Plaintiff became aware of this illegal and unethical conduct, she reported it to Ms. Copenhagen and the medical physicians on staff.

5

39. Again, Defendant failed to address Plaintiff's report and the issues persisted.

40. In or around October 2022, Plaintiff suffered a workplace injury and requested accommodations; while this same scenario had occurred for Caucasian employees without issue, Defendant brushed off Plaintiff's request, thus treating Plaintiff less favorably.

41. On or around October 30, 2022, Plaintiff informed Defendant that she would be filing a charge of discrimination with the EEOC as a result of Defendant's inaction.

42. That next day, October 31, 2022, Defendant terminated Plaintiff's employment.

43. Plaintiff was unlawfully terminated because of her national origin, race, and because she engaged in protected activity in reporting Defendant's illegal conduct.

44. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

45. Plaintiff reported the national origin-based harassment and/or race-based harassment to Defendant.

46. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

47. There is a basis for employer liability for the national origin-based and race-based harassment that Plaintiff was subjected to.

48. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her managers and HR about the harassment.

## COUNT I
### Violation of 42 U.S.C. §1981
### (Race-Based Discrimination)

49. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

50. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

51. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

52. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

53. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

54. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

55. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

56. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

57. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

58. Plaintiff met or exceeded performance expectations.

59. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

60. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

61. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

62. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
### Violation of Title VII of the Civil Rights Act
### (Race-based Harassment)

63. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

64. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

65. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's national origin, Filipina.

66. Defendant knew or should have known of the harassment.

67. The national origin-based harassment was severe or pervasive.

68. The national origin-based harassment was offensive subjectively and objectively.

69. The national origin-based harassment was unwelcomed.

70. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the national origin-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act
### (National origin-based Harassment)

72. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

74. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's national origin, Filipina.

75. Defendant knew or should have known of the harassment.

76. The national origin-based harassment was severe or pervasive.

77. The national origin-based harassment was offensive subjectively and objectively.

78. The national origin-based harassment was unwelcomed.

79. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

80. As a direct and proximate result of the national origin-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

9

## COUNT V
### Violation of Title VII of the Civil Rights Act of 1964
### (National origin-Based Discrimination)

81. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

82. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

83. Plaintiff met or exceeded performance expectations.

84. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

85. Defendant terminated Plaintiff's employment on the basis of Plaintiff's national origin.

86. Plaintiff is a member of a protected class under Title VII due to Plaintiff's national origin.

87. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

88. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

89. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

90. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

91. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about national origin-based harassment and/or national origin-based discrimination.

92. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

93. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of national origin-based harassment and/or national origin-based discrimination.

94. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

95. Plaintiff's suffered an adverse employment action in retaliation for engaging in a protected activity.

96. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the national origin-based harassment and/or national origin-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

97. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

98. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Demand for Relief for Retaliatory Discharge

99. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

100. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. §1367.

101. Illinois common law recognizes a cause of action for retaliatory discharge.

102. Plaintiff's employment was terminated by the Defendant.

103. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting the illegal activity.

104. The termination of Plaintiff's employment violates a clear mandate of public policy.

105. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

　　a.　　Back pay and benefits;

　　b.　　Interest on back pay and benefits;

　　c.　　Front pay and benefits;

　　d.　　Compensatory damages for emotional pain and suffering;

　　e.　　Pre-judgment and post-judgment interest;

　　f.　　Injunctive relief;

　　g.　　Liquidated damages;

　　h.　　Punitive damages;

　　i.　　Reasonable attorney's fees and costs; and

      j.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 8th day of August, 2023.

                                            */s/ Alexander J. Taylor*
                                            **ALEXANDER J. TAYLOR, ESQ.**
                                            *Counsel for Plaintiff*
                                            **SULAIMAN LAW GROUP, LTD**
                                            2500 South Highland Avenue, Suite 200
                                            Lombard, IL 60148
                                            Telephone: (331) 272-1942
                                            Facsimile: (630) 575-8188
                                            Email: ataylor@sulaimanlaw.com